# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05CR31.1 |
| | § | |
| TRAVIS WADE ROLL | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 18, 2013, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Randy Blake.

On January 26, 2006, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 72 months of imprisonment followed by a 5-year term of supervised release for the offense of Conspiracy to Manufacture, Distribute and Possess with Intent to Manufacture, Distribute or Dispense Methamphetamine. Defendant began his term of supervision on June 8, 2009.

On September 16, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 623). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3)

1

Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (7) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; and (8) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On August 8, 2013, Defendant committed the offense of Possession of a Controlled Substance in Fannin County, Texas, as alleged in an offense report from the Texas Department of Public Safety. To date, no formal charges have been filed; (2) On January 7, 2013, January 14, 2013, and July 19, 2013, Defendant submitted urine specimens that tested positive for methamphetamine. On the aforementioned occasions, Defendant either admitted to the drug usage and/or the urine specimen was confirmed positive by Alere Laboratories, Inc.; (3) On July 9, 2013, an employment visit at Defendant's reported place of employment, The Trailer Guys, resulted in the manager advising the defendant ceased employment approximately one month ago. Defendant failed to notify the

probation officer of his change in employment; (4) On August 8, 2013, Defendant associated with Alexandra Moore, a convicted felon, as evidenced by an offense report from the Texas Department of Public Safety, without the permission of the probation officer; and (5) Defendant failed to report to Heritage Park Plus in Sherman, Texas, for random drug testing on July 18 and 29, 2013, and August 6, 15, and 20, 2013. Defendant also failed to report to Pillar Mental Health Systems for substance abuse treatment in May and August 2013.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the November 18, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no supervised release to follow.

**SIGNED this 25th day of November, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE